IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UPMC BASIC RETIREMENT PLAN and
UPMC,

               Plaintiffs,

v.

COLLEEN KELLER and CHARLES
SCHWAB & CO., INC.,

               Defendants.

13cv0954
**ELECTRONICALLY FILED**

### Memorandum Order on Motion to Dismiss Counterclaims

**I.    Introduction**

This is an action brought pursuant to the Employee Retirement Income Security Act ("ERISA"). Plaintiffs brought this action to recover almost $600,000 of assets under the UPMC Basic Retirement Plan (the Plan), for benefits which were paid out allegedly "mistakenly" and incorrectly to a single participant, Defendant/Counterclaimant Colleen Keller. Ms. Keller was an executive secretary for UPMC since 1988, and upon her retirement, according to Plaintiffs, she allegedly should have received a lump sum distribution from the Plan in the amount of $75,314.03, and instead, she actually received $664,213.36. Ms. Keller rolled over the $664,213.36 into a Charles A. Schwab Individual Retirement Account (IRA), who was originally also sued by UPMC, but has since been dismissed from the lawsuit, after having deposited the amount of the alleged overpayment, plus interest and earnings, into a Court funded account. Ms. Keller filed a two count Counterclaim against UPMC also for breach of fiduciary duty under ERISA (Count I), and state law claims of Negligence/Negligent Misrepresentation under Restatement of Tort (Second) § 522 (Count II).

1

In her Counterclaim, Defendant/ Counterclaimant alleges that the payment was not a "mistake" and that she was not "overpaid;" but, if she was, UPMC substantially breached its fiduciary duty, failed to exercise reasonable care, and failed to conduct necessary audits to detect any purported mistakes, thus entitling her to equitable, "make-whole," relief.

Currently pending before this Court is Plaintiffs' Motion to Dismiss (doc. no. 15), with supporting briefs (doc. nos. 16 and 22), and Defendant/Counterclaimant's Response in Opposition thereto (doc. no. 19). For the reasons that follow, this Court will GRANT IN PART, and DENY IN PART the pending Motion to Dismiss (doc. no. 15).

## II. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims/counterclaims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint/Counterclaim merely because it appears unlikely or improbable that Plaintiff/Counterclaimant can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint/Counterclaim that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**III.    Discussion**

**Count I**

Although Plaintiffs are correct that Defendant/Counterclaimant has not properly set forth a claim for breach of fiduciary duty under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2), Defendant has clarified in her brief in response to the Motion to Dismiss that she, in fact, bases her claim on an alleged violation of Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

Section 502(a)(3) allows a participant,[1] beneficiary or fiduciary "to obtain other appropriate equitable relief," to redress violations of ERISA or the terms of the Plan. While a mere mistake will not render a fiduciary liable for a loss, Defendant/Counterclaimant would need to establish that Plaintiffs acted in bad faith or were negligent in miscalculating the benefit. *See Sundt v. Telcordia Technologies, Inc.,* 2012 WL 5522899 *4 (D. N.J. 2012)(quoting *Leckey v. Stefany*, 501 F.3d 212, 224 (3d Cir. 2007)..

A participant or beneficiary in an employee benefit plan subject to ERISA can also state a claim for "appropriate equitable relief," based upon a theory of equitable estoppel. In order to establish a legally sufficient claim for equitable estoppel, a plaintiff/counterclaimant must demonstrate: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances. *Pell v. E.I. DuPont De Nemours & Co*. 549 F.3d 292, 300 (3d Cir. 2008). The case law has construed the third factor, "extraordinary circumstances," to include "affirmative acts of fraud," "a network of misrepresentations over an extended course of dealing," or "where particular plaintiffs/[counterclaimants] are especially vulnerable."

---

[1] Plaintiffs also argue that Defendant/Counterclaimant lacks statutory standing to bring this suit because she is no longer a "participant" under the ERISA plan at issue. According to *Leuthner v. Blue Cross and Blue Shield of Northeastern Pennsylvania,* 454 F.3d 120, 129 (3d Cir. 2006), the Court may find that a plaintiff/counterclaimant has statutory standing if plaintiff/counterclaimant can, in good faith, plead that she was an ERISA plan participant or beneficiary and that she still would be but for the alleged malfeasance of a plan fiduciary. Ms. Keller has adequately pled herself as a participant under the applicable standard of review.

Judging the facts in a light favorable to Defendant/Counterclaimant, she has alleged sufficient facts to proceed to discovery on her breach of fiduciary duty/equitable estoppel Counterclaim at Count I under Section 502(a)(3).[2]

**<u>Count II</u>**

Defendant/Counterclaimant's Counterclaim (which was plead in the alternative, or as Defendant/Counterclaimant states, "brought defensively and only in the event that the Plan is ultimately successful in recovering any alleged overpayment" doc. no. 19 at p. 10) for negligence and negligent misrepresentation under the Second Restatement of Torts is, however, preempted.

ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court has interpreted the phrase "relate to" in the broadest terms such that a state law will 'relate to' a benefit plan, "if it has a connection with or reference to such a plan." *Pilot Life v. Ins. Co. v. Dedeaux*, 481 U.S. 1, 47 (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 97 (1983)). The United States Court of Appeals for the Third Circuit has unequivocally held as much, and this Western District of Pennsylvania has followed suit.

In *Berger v. Edgewater*, 911 F.2d 911 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit dismissed a misrepresentation claim brought under state law against a plan administrator because it was preempted by ERISA. Also, in *Lutz v. Philips Electronics North America Co.*, 2008 WL 3914840 (W.D. Pa. 2008), this Court held that negligence and breach of

---

[2] However, equitable relief is not available to allow Defendant/Counterclaimant to retain a "windfall." *U.S. Airways., Inc. v. McCutchen*, 663 F.3d 671, 678 (3d Cir. 2011)(*rev'd on other grounds*).

5

contract claims are preempted by ERISA. Therefore, because it is beyond peradventure that Count II is preempted by ERISA, Counterclaim II shall be dismissed.

**IV.     Conclusion**

And now, this 21st day of October, 2013, for the reasons set forth hereinabove, it is hereby ORDERED that: (1) Plaintiffs' Motion to Dismiss Count I is DENIED without prejudice to raise these issues, if appropriate, on a motion for summary judgment following discovery; (2) Plaintiffs' Motion to Dismiss Count II is GRANTED. Accordingly, Plaintiffs' Motion to Dismiss (doc. no. 15) is DENIED as to Count I, and GRANTED as to Count II.

**SO ORDERED** this 21st day of October, 2013.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties